Rexford D. CRANDELL, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1046.

United States Court of Veterans Appeals.

March 6, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of May 31, 1990, the Board of Veterans' Appeals (Board or BVA) denied an increased rating for post-traumatic stress syndrome (PTSD) from 50% to 70% and a total rating based on individual unemployability. A timely appeal to this Court followed. Appellant's brief was filed on May 15, 1991, seeking a reversal of the BVA decision on the grounds that Board's finding of facts was clearly erroneous. On August 16, 1991, the Secretary moved for a remand to permit the BVA to provide rea-

sons or bases for its decision and a stay of further proceedings. Appellant's opposition to a remand was filed on August 30, 1991, arguing for a resolution of the appeal on the merits and requesting that the Secretary be required to submit a reply brief. On January 31, 1992, following a review of the record on appeal and the parties' submissions, the Court ordered that if the Secretary chose not to file a brief on the merits by February 14, 1992, the Court would reverse the BVA decision of May 31, 1990, and remand the matter for the assignment of an appropriate disability rating.

On February 14, 1992, the Secretary filed a brief which reiterated the view that the matter should be remanded to permit the Board to provide adequate reasons or basis to support appellant's BVA decision. Alternatively, the Secretary argued that the BVA decision should be affirmed: "[w]hile the BVA decision was not a model of draftsmanship ..., it constitutes a permissible view of the evidence and is supported by plausible evidence of record." Secretary's Brief at 4. The Secretary submits that the denial of an increased rating and individual unemployability was "plausible" based on the BVA's interpretation of the record. Appellant filed a reply brief on February 28, 1992, reiterating his argument that all the evidence of record supports appellant's claim for increased benefits, and consequently, the BVA decision should be reversed as clearly erroneous and increased benefits granted.

As indicated by this Court in its order of January 31, 1992, which is incorporated herein by reference, the Board, and the Secretary, failed to confront the fact that "all the evidence of record, *when considered in light of the total record,* is in favor of the claim." (Emphasis added.) *See* 38 U.S.C. § 7104(a) (formerly § 4004(a)); *Douglas v. Derwinski,* 2 Vet.App. 103, 107–108 (1992) (the Court held that the Board in its decision making is required by § 7104(a) and 38 C.F.R. § 3.330(a), to consider all evidence of record). Indeed, as the Secretary so aptly presented in his motion for a remand:

The BVA noted that Appellant is six credits shy of an Associate's degree, but did not take into consideration the examining psychiatrist's apparent doubt as to Appellant's ability to usefully attend school, together with the fact the [sic] he had recently dropped several classes because of stress. Additionally, the BVA ... failed to consider the fact that Appellant normally stays inside his house, only sleeps 3 to 4 hours per night, and has consistent nightmares. (R. 143–144). In the Social/Industrial Survey performed in 1989, it was stated that at some point in the future, as Appellant finds success with treatment, he will be able to handle employment, but that, until that time, supportive service and therapeutic services are what is needed ... (R. 144).

Motion at 2–3.

Moreover, the BVA failed to include in its consideration, as required by 38 U.S.C. § 7104(a) and 38 C.F.R. § 3.330(a), the overwhelming consensus by appellant's various examining and treating practitioners evincing the presence and continuing severity of appellant's PTSD and its consequent effects on his employability. *See e.g.,* Reports of Tom M. Hall, M.D. (R. at 139); Joseph Reiter, M.S.W. (R. at 143–144) and caseworker Patricia O'Neal (R. at 166). The Board merely states:

We note that we have considered the veteran's past history, but we are primarily concerned with the veteran's current symptomatology and findings, as the rating to be assigned is to reflect the current degree of disablement.

.     .     .     .     .

... the recent medical evidence has not shown symptomatology of the post-traumatic stress disorder to be so incapacitating that the post-traumatic stress disorder precludes the veteran from all forms of gainful employment.

*Rexford D. Crandell,* BVA No. 90–17389, at 5–6 (May 31, 1990). As the Secretary noted, the BVA dismisses without comment the recommendation of the social industrial survey performed at the request of the Department of Veterans Affairs which addresses the heart of the issue of whether,

at the present time, appellant is capable of sustaining gainful employment.

"[T]his Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990); 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)). However, in this case there simply is no plausible basis for the BVA's conclusion that the evidence of record failed to support appellant's claim for increased benefits. Consequently, the Court holds that the BVA's conclusion in its decision of May 31, 1990, was clearly erroneous and the decision must be reversed. *See Willis v. Derwinski*, 1 Vet.App. 66, 70 (1991).

Accordingly, based on the record on appeal, the submissions of the parties and supported by the analysis, *infra*, and that set forth in this Court's order of January 31, 1992, the Secretary's motion for a remand or, in the alternative, for affirmance is denied. The May 31, 1990, decision is REVERSED and the matter REMANDED to the BVA for the assignment of a 70% disability rating for PTSD and a total rating based on unemployability.